## Jennie E. Schaffner, Plaintiff in Error, v. State Board of Agriculture, Defendant in Error.

PLEADING—*how bill of complaint construed.*    A bill of complaint, like all other pleadings, is to be construed most strongly against the pleader.

Bill in equity.    Error to the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.    Heard in this court at the November term, 1910.    Affirmed.    Opinion filed October 14, 1911.

S. H. CUMMINS, for plaintiff in error; JULIUS N. HELDMAN, of counsel.

WARREN E. LEWIS, for defendant in error; DAVIS McKEOWN, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Complainant filed her bill in equity against defendant for the purpose of collecting an alleged assignment of wages by one McCoy who was a clerk in the employ of the State Board of Agriculture. The court sustained a demurrer to the bill and dismissed the bill for want of equity. Complainant brings the cause to this court upon a writ of error to reverse that decree.

Complainant alleges in her bill that one McCoy made and executed to her a promissory note for $120, dated October 13, 1899, that McCoy was then employed in the office of the Secretary of the State Board of Agriculture, and that in order to secure the payment of that note, which was payable February 1, 1900, said McCoy made an assignment of the wages to be earned by him during the months of January and February, 1900, to her, by written assignment, and authorized the State Board of Agriculture to pay the wages of McCoy for those two months to her. The bill then alleges that during the month of March, 1900, she presented the assignment to the State Board of Agriculture and demanded the wages earned by said McCoy during the months of January and February, 1900; payment was refused. That on May 4, 1900, she obtained a judgment against McCoy; an execution on that judgment was issued and returned *nulla bona.* That thereafter garnishment proceedings were instituted by complainant and defendant served as garnishee; that upon the answers made by defendant in the garnishment proceedings it answered that it had paid to the said McCoy his wages during the months for which he had been employed, that it was not indebted to him and had no funds belonging to him; on this answer defendant was discharged. Complainant then further alleges that she has no remedy except in a court of equity, alleging the equitable assignment of these wages, and prays that the court order and direct defendant to pay to her a sufficient amount of the wages earned by McCoy during the months of Janu-

ary and February, 1900, to liquidate this note.

It is a familiar rule of practice that a pleading must be taken most strongly against the party pleading it.

The bill does not allege that the defendant, State Board of Agriculture, was ever informed or knew of the pretended assignment of these wages before the month of March, and there is no averment that the pretended assignment was ever presented to the State Board of Agriculture prior to the month of March, 1900. It must be presumed that no presentment of the assignment was made prior to that time and that defendant had no knowledge or information of such assignment prior to the time when it is alleged to have been presented in this bill, the presumption being that if presentation had been made sooner than that, complainant would have averred it in her bill.

There is no averment in the bill that the wages earned by McCoy were not paid to him by defendant during the months which they were earned and that full and complete payment of the wages during these months had not been made at the time of the presentation of the order to defendant in March. Under the rule that a pleading is to be taken most strongly against the pleader, the presumption prevails that payment had been made to McCoy at that time, without any knowledge or information regarding the assignment. It, therefore, does not appear from this bill that complainant was entitled to any relief, even upon the contention, which is not conceded, that it was a valid assignment, and the court properly sustained the demurrer to the bill, and, upon plaintiff's abiding by the bill, properly dismissed the bill for want of equity.

There being no error in this record, the judgment is affirmed.

*Affirmed.*